Filing # 71034009 E-Filed 04/20/2018 03:22:41 PM

IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT, IN AND FOR
POLK COUNTY, FLORIDA

BENJAMIN NEMEC and
AMIE NEMEC,

        Plaintiffs,

vs.

THE MOSAIC COMPANY, a Foreign
corporation, MOSAIC FERTILIZER, LLC, a           CASE NO.: CaseNumber
Foreign Liability Company, STILLWATER
PRESERVE DEVELOPMENT, LLC, a Foreign
limited liability company, RICHARD
MOGENSEN, JOHN DOE #1, and
JOHN DOE #2,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, DR. BENJAMIN AND AMIE NEMEC, by and through the undersigned

attorneys sue the Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC,

STILLWATER PRESERVE DEVELOPMENT, LLC, RICHARD MOGENSEN, JOHN DOE

#1, and JOHN DOE #2 and state:

    1.    This is a negligence action for damages that exceed $15,000 exclusive of pre-

judgment interest, costs and attorney's fees.

    2.    Plaintiff, DR. BENJAMIN NEMEC, is a resident of the State of Texas.

    3.    Plaintiff, AMIE NEMEC, is a resident of the State of Texas.

    4.    Defendant, THE MOSAIC COMPANY, is a foreign corporation doing business

in Polk County, Florida. Defendant, THE MOSAIC COMPANY, constructed and/or owned,

operated and/or was in possession of a golf course located at 1000 Streamsong Drive,

Streamsong, Florida 33834 on or about June 26, 2014.

5.      Defendant, MOSAIC FERTILIZER, LLC, is a foreign corporation doing business in Polk County, Florida.  Defendant, MOSAIC FERTILIZER, LLC, constructed and/or owned, operated and/or was in possession of a golf course located at 1000 Streamsong Drive, Streamsong, Florida 33834 on or about June 26, 2014.

6.      Defendant, STILLWATER PRESERVE DEVELOPMENT, LLC, is a foreign corporation doing business in Polk County, Florida.  Defendant, STILLWATER PRESERVE DEVELOPMENT, LLC, constructed and/or owned, operated and/or was in possession of a golf course located at 1000 Streamsong Drive, Streamsong, Florida 33834 on or about June 26, 2014.

7.      Defendant, RICHARD MOGENSEN is a resident of the State of Florida.  On or about June 26, 2014, Defendant, RICHARD MOGENSEN, was the general manager and personally responsible for the construction, maintenance, operation and upkeep of the subject premises.

8.      Defendants, JOHN DOE #1 and JOHN DOE #2, are pseudonyms used to identify the caddies with Plaintiff, DR. BENJAMIN NEMEC, at the time of the subject incident.  Upon information and belief, Defendants, JOHN DOE #1 and JOHN DOE #2, are residents of the State of Florida.

9.      All of the events described herein occurred in Polk County, Florida.

10.     Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN constructed, maintained and/or operated the subject premises.  The subject premises includes golf courses and related facilities collectively named Streamsong Resort.

11.     Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN had a duty

2

to construct, operate and maintain the golf courses in a reasonably safe condition and to warn of dangerous conditions.

12. Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN constructed the golf courses on land that used to be a phosphate mine.

13. Consequently, Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN knew or should have known that the soil on the golf course, and specifically in the area where this incident occurred, is susceptible to collapsing and/or giving way. Additionally, the condition existed for a sufficient length of time so that Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN should have known of it.

14. This is a dangerous condition and a concealed hazard.

15. Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN advertised the golf courses as "specifically designed for walking golfers."

16. On or about June 26, 2014, Plaintiff, DR. BENJAMIN NEMEC, was golfing on one of said courses. At the time of the incident, he was being escorted by Defendants, JOHN DOE #1 and JOHN DOE #2.

17. While walking between two holes, Plaintiff, DR. BENJAMIN NEMEC, fell because the ground beneath him gave way and/or collapsed.

18. The subject incident occurred because the Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT,

LLC, and RICHARD MOGENSEN breached their duties to construct, maintain and operate the subject premises in a reasonably safe condition.

19.    Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN knew and/or should have known of this condition before the subject incident.

20.    Plaintiff, DR. BENJAMIN NEMEC, had no reason to know of the condition.

21.    Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN breached their duty to warn of dangerous conditions by failing to warn Plaintiff, DR. BENJAMIN NEMEC, of the condition described above.

22.    Defendants, JOHN DOE #1 and JOHN DOE #2, escorted Plaintiff, DR. BENJAMIN NEMEC, at the time of the incident and although they knew and/or should have known about the subject condition, failed to warn Plaintiff, DR. BENJAMIN NEMEC, about the condition before the incident.  Defendants, JOHN DOE #1 and JOHN DOE #2, were agents and/or employees of Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN. Consequently, Defendants, THE MOSAIC COMPANY, MOSAIC FERTILIZER, LLC, STILLWATER PRESERVE DEVELOPMENT, LLC, and RICHARD MOGENSEN are vicariously liable for the negligence of Defendants, JOHN DOE #1 and JOHN DOE #2.

23.    As a result of the incident, Plaintiffs, DR. BENJAMIN AND AMIE NEMEC, sustained damages.

## COUNT I
## DR. NEMEC V. THE MOSAIC COMPANY

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) as if fully set forth herein and further alleges:

24.     Defendant, THE MOSAIC COMPANY, as the owner, operator and/or possessor of the subject premises had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, maintain and operate the subject premises in a reasonably safe manner and to warn of dangerous conditions.

25.     Defendant, THE MOSAIC COMPANY, breached this duty of care by:

  a.   Failing to construct reasonably safe premises; and/or

  b.   Failing to maintain the premises in a reasonably safe condition; and/or

  c.   Failing to operate the premises in a reasonably safe condition; and/or

  d.   Failing to make appropriate repairs to ensure the premises were reasonably safe; and/or

  e.   Failing to properly inspect the premises; and/or

  f.   Failing to warn of a dangerous condition; and/or

  g.   Failing to train its employees, vendors and/or independent contractors to maintain all public areas by vigilant patrol so as to prevent falls and other injuries on the premises; and/or

  h.   Failing to have policies and procedures in place so that prompt and adequate actions could be taken when areas are compromised by dangerous conditions; and/or

  i.   Failing to follow its own policies and procedures; and/or

5

     j.   Failing to supervise its employees, vendors and/or independent contractors in implementing its policies and procedures.

26.    As a direct and proximate result of the negligence of the Defendant, THE MOSAIC COMPANY, described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

### COUNT II
### MRS. NEMEC V. THE MOSAIC COMPANY

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-six (26) as if fully set forth herein and further alleges:

27.    At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

28.    As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

6

## COUNT III
## DR. NEMEC V. MOSAIC FERTILIZER, LLC

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) as if fully set forth herein and further alleges:

29.     Defendant, MOSAIC FERTILIZER, LLC, as the owner, operator and/or possessor of the subject premises had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, maintain and operate the subject premises in a reasonably safe manner and to warn of dangerous conditions.

30.     Defendant, MOSAIC FERTILIZER, LLC, breached this duty of care by:

    a.  Failing to construct reasonably safe premises; and/or

    b.  Failing to maintain the premises in a reasonably safe condition; and/or

    c.  Failing to operate the premises in a reasonably safe condition; and/or

    d.  Failing to make appropriate repairs to ensure the premises were reasonably safe; and/or

    e.  Failing to properly inspect the premises; and/or

    f.  Failing to warn of a dangerous condition; and/or

    g.  Failing to train its employees, vendors and/or independent contractors to maintain all public areas by vigilant patrol so as to prevent falls and other injuries on the premises; and/or

    h.  Failing to have policies and procedures in place so that prompt and adequate actions could be taken when areas are compromised by dangerous conditions; and/or

    i.  Failing to follow its own policies and procedures; and/or

7

j.   Failing to supervise its employees, vendors and/or independent contractors in implementing its policies and procedures.

31.   As a direct and proximate result of the negligence of the Defendant, MOSAIC FERTILIZER, LLC, described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT IV
## MRS. NEMEC V. MOSAIC FERTILIZER

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) and twenty-nine (29) through thirty-one (31) as if fully set forth herein and further alleges:

32.   At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

33.   As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

8

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

**COUNT V**
**DR. NEMEC V. STILLWATER PRESERVE DEVELOPMENT, LLC**

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) as if fully set forth herein and further alleges:

34.     Defendant, STILLWATER PRESERVE DEVELOPMENT, LLC, as the owner, operator and/or possessor of the subject premises had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, maintain and operate the subject premises in a reasonably safe manner and to warn of dangerous conditions.

35.     Defendant, STILLWATER PRESERVE DEVELOPMENT, LLC, breached this duty of care by:

   a.  Failing to construct reasonably safe premises; and/or

   b.  Failing to maintain the premises in a reasonably safe condition; and/or

   c.  Failing to operate the premises in a reasonably safe condition; and/or

   d.  Failing to make appropriate repairs to ensure the premises were reasonably safe; and/or

   e.  Failing to properly inspect the premises; and/or

   f.  Failing to warn of a dangerous condition; and/or

   g.  Failing to train its employees, vendors and/or independent contractors to maintain all public areas by vigilant patrol so as to prevent falls and other injuries on the premises; and/or

h.  Failing to have policies and procedures in place so that prompt and
adequate actions could be taken when areas are compromised by
dangerous conditions; and/or

i.  Failing to follow its own policies and procedures; and/or

j.  Failing to supervise its employees, vendors and/or independent contractors
in implementing its policies and procedures.

36.    As a direct and proximate result of the negligence of the Defendant,
STILLWATER PRESERVE DEVELOPMENT, LLC, described in the preceding paragraphs,
Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering,
disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization,
expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn
money, and/or aggravation of a previously existing condition.  The losses are either permanent or
continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the
future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for
compensatory damages, such other relief as this Court may deem just and proper and a trial by
jury on all issues so triable.

### COUNT VI
### MRS. NEMEC V. STILLWATER PRESERVE DEVELOPMENT, LLC

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1)
through twenty-three (23) and thirty-four (34) through thirty-six (36) as if fully set forth herein
and further alleges:

37.    At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff,
DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

38.    As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT VII
## DR. NEMEC V. RICHARD MOGENSEN

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) as if fully set forth herein and further alleges:

39.    Defendant, RICHARD MOGENSEN, as the general manager, had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, maintain and operate the subject premises in a reasonably safe manner and to warn of dangerous conditions.

40.    Defendant, RICHARD MOGENSEN, breached this duty of care by:

    a.  Failing to construct reasonably safe premises; and/or

    b.  Failing to maintain the premises in a reasonably safe condition; and/or

    c.  Failing to operate the premises in a reasonably safe condition; and/or

    d.  Failing to make appropriate repairs to ensure the premises were reasonably safe; and/or

    e.  Failing to properly inspect the premises; and/or

    f.  Failing to warn of a dangerous condition; and/or

    g.  Failing to train employees, vendors and/or independent contractors to maintain all public areas by vigilant patrol so as to prevent falls and other injuries on the premises; and/or

11

     h.   Failing to have policies and procedures in place so that prompt and adequate actions could be taken when areas are compromised by dangerous conditions; and/or

     i.   Failing to follow policies and procedures; and/or

     j.   Failing to supervise employees, vendors and/or independent contractors in implementing policies and procedures.

41.    As a direct and proximate result of the negligence of the Defendant, RICHARD MOGENSEN, described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT VIII
## MRS. NEMEC V. RICHARD MOGENSEN

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) and thirty-nine (39) through forty-one (41) as if fully set forth herein and further alleges:

42.    At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

12

43.   As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT IX
## DR. NEMEC V. JOHN DOE #1

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) as if fully set forth herein and further alleges:

44.   Plaintiff, DR. BENJAMIN NEMEC, was escorted by and following Defendant, JOHN DOE #1, at the time of the incident.

45.   Defendant, JOHN DOE #1, knew and/or should have known of the dangerous condition before the subject incident.

46.   Defendant, JOHN DOE #1, had a duty to warn Plaintiff, DR. BENJAMIN NEMEC, of dangerous conditions.

47.   Defendant, JOHN DOE #1, breached this duty by failing to warn Plaintiff, DR. BENJAMIN NEMEC, of the condition.

48.   As a direct and proximate result of the negligence of the Defendant, JOHN DOE #1, described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing

condition.   The losses are either permanent or continuing in nature and Plaintiff, DR.
BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for
compensatory damages, such other relief as this Court may deem just and proper and a trial by
jury on all issues so triable.

**COUNT X**
**MRS. NEMEC V. JOHN DOE #1**

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1)
through twenty-three (23) and paragraphs forty-four (44) through forty-eight (48) as if fully set
forth herein and further alleges:

49.    At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff,
DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

50.    As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE
NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort,
companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory
damages, such other relief as this Court may deem just and proper and a trial by jury on all issues
so triable.

**COUNT XI**
**DR. NEMEC V. JOHN DOE #2**

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs
one (1) through twenty-three (23) as if fully set forth herein and further alleges:

51.    Plaintiff, DR. BENJAMIN NEMEC, was escorted by and following Defendant,
JOHN DOE #2, at the time of the incident.

14

52. Defendant, JOHN DOE #2, knew and/or should have known of the dangerous condition before the subject incident.

53. Defendant, JOHN DOE #2, had a duty to warn Plaintiff, DR. BENJAMIN NEMEC, of dangerous conditions.

54. Defendant, JOHN DOE #2, breached this duty by failing to warn Plaintiff, DR. BENJAMIN NEMEC, of the condition.

55. As a direct and proximate result of the negligence of the Defendant, JOHN DOE #2, described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT XII
## MRS. NEMEC V. JOHN DOE #2

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs one (1) through twenty-three (23) and paragraphs fifty-one (51) through fifty-five (55) as if fully set forth herein and further alleges:

56. At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

57.    As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

DATED this 20th day of April, 2018

s/ Francis H. Sheppard
FRANCIS H. SHEPPARD
Florida Bar No.: 0442290
E-mail:  fsheppard@rumberger.com (primary)
         fsheppardsecy@rumberger.com (secondary)
CHASE E. HATTAWAY
Florida Bar No.: 0085951
E-mail:  chattaway@rumberger.com (primary)
         docketingorlando@rumberger.com and
         chattawaysecy@rumberger.com (secondary)
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Plaintiffs