UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN NEMEC, *et al.*,

    Plaintiffs,

v.                                          Case No. 8:18-cv-1231-T-30AEP

THE MOSAIC COMPANY, *et al.*,

    Defendants.
_____/

## ORDER

This cause came before the Court for a hearing upon Defendants' Objection and Motion to Partially Quash Plaintiffs' Notice of Production to Non-Party Bates Investigations, Inc. (Doc. 63) and Plaintiffs' response in opposition thereto (Doc. 66). By the motion, Defendants seek to prohibit a third-party vendor from producing responsive discovery relating to surveillance performed by a private investigator on behalf of Defendants. As articulated during the hearing, the Court finds the reasoning set forth in *Hairston v. Ed Nelson Transport*, CASE NO. 3:13-cv-1457-J32JBT, 2015 WL 12843867 (M.D. Fla. Aug. 10, 2015) and *Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 2222152 (M.D. Fla. May 27, 2008) persuasive. Namely, the Court finds that, although the requested discovery is properly classified as work product, the work product privilege is waived in this context and Plaintiff demonstrated both a substantial need for the surveillance discovery and the lack of a substantial equivalent by other means to obtain such discovery, and, thus, the discovery should be produced. *See Hairston*, 2015 WL 12843867, at *2; *see Kallas*, 2008 WL 2222152, at 3-4; *see also* Fed. R. Civ. P. 26(b)(3)(A).

During the hearing, the Court also addressed Defendants' Motion for Protective Order on Plaintiff Aime Nemec's Third Request for Production (Doc. 67).[1] By the motion, Defendants seeks to limit Plaintiff Aime Nemec's Third Request for Production, specifically as to Request for Production Nos. 1-4 and 6-12 regarding the identity of golfers and budget information. As discussed more fully during the hearing, the motion is granted in part and denied in part to permit limited discovery regarding the number of golfers passing through the relevant area, if Defendants seek to introduce such evidence, and limited discovery regarding maintenance budgets for the blue course relating to washouts. Accordingly, it is hereby

ORDERED:

1. Defendants' Objection and Motion to Partially Quash Plaintiffs' Notice of Production to Non-Party Bates Investigations, Inc. (Doc. 63) is DENIED. Defendants shall produce any records or reports referencing any surveillance conducted and any communications referencing such surveillance. Defendants shall have up to and including 12:00 p.m. on Friday, August 16, 2019, to produce the records, reports, and communications.

2. Defendants' Motion for Protective Order on Plaintiff Aime Nemec's Third Request for Production (Doc. 67) is GRANTED IN PART AND DENIED IN PART, as follows:

    a. To the extent that Defendants intend to produce evidence of the number of golfers passing through the relevant area, Defendants shall provide verification or supporting documentation detailing the numbers asserted by Defendants. If Defendants do not plan to produce evidence of the number of golfers passing through the relevant area, no such production need occur.

---

[1] Given that the Court addressed all the issues raised in the motion, Plaintiffs need not submit a response.

b. Subject to a confidentiality agreement between the parties, Defendants shall produce any maintenance budgets for the blue course that include line-item accounting relating to washouts.

DONE AND ORDERED in Tampa, Florida, on this 15th day of August, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record